UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLTON T. P.,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br> Acting Commissioner of Social Security Administration,[2] <br><br> Defendant. | Case No. 4:22-cv-00254-DCN-CWD <br><br> **REPORT AND RECOMMENDATION** |

# INTRODUCTION

Plaintiff filed a Complaint[3] with the Court seeking judicial review of the Commissioner's denial of his application for supplemental security income benefits under Title XVI of the Social Security Act. (Dkt. 1.) The matter has been referred to the

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul. Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

[3] As of December 1, 2022, the Federal Rules of Civil Procedure were amended to include Supplemental Rules for Social Security Review Actions under 42 U.S.C. § 405(g).  As such, the Court adopts the terms "Complaint," "Plaintiff," and "Defendant," in lieu of the former terminology (i.e., "Petition," "Petitioner," and "Respondent").

**REPORT AND RECOMMENDATION - 1**

undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), and is fully briefed. (Dkt. 8.) Plaintiff argues that the residual functional capacity (RFC) is not supported by substantial evidence, because the Administrative Law Judge (ALJ) did not reconcile his finding that Plaintiff had moderate limitations in concentration, persistence or pace with his conclusion that Plaintiff could perform work consisting of simple and routine tasks.

Having carefully reviewed the parties' memoranda and the entire administrative record (AR), the Court will recommend that the decision of the Commissioner be affirmed for the reasons set forth below.

## BACKGROUND

On August 14, 2020, Plaintiff protectively filed an application for supplemental security income benefits under Title XVI of the Social Security Act claiming disability beginning May 30, 2018. (AR 127 – 128, 276 – 283.) The application was denied initially and on reconsideration, and a telephonic hearing was held on November 12, 2021, before ALJ Stephen Marchioro. (AR 101 – 126.) At the hearing, Plaintiff amended the alleged disability onset date to August 14, 2020. (AR 85.)

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on January 12, 2022, finding Plaintiff had not been under a disability since the alleged onset date of August 14, 2020, through the date of the written decision, and therefore found Petitioner was not disabled. (AR 85 - 94.) Plaintiff timely requested review by the Appeals Council, which denied his request for review on April 20, 2022. (AR 1 – 6.)

Plaintiff timely appealed this final decision to the Court on June 20, 2022. (Dkt. 1.) The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

### A. The ALJ's Analysis

When evaluating the evidence presented at an administrative hearing, the ALJ must follow a five step sequential process in determining whether a person is disabled, or continues to be disabled, within the meaning of the Social Security Act. 20 C.F.R. § 404.1520, 404.1594, 416.920, 416.994.[4] At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 14, 2020. (AR 87.) At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: "post-traumatic stress disorder (PTSD), anxiety disorder, depressive disorder, and obesity." (AR 87.)

At step three of the sequential process, the ALJ considers whether a claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 CFR §§ 416.920(d), 416.925 and 416.926. Here, the ALJ found Plaintiff did not have an impairment or combination of impairments which met or were medically equal to Listings 12.04 (Depressive, bipolar and related disorders); 12.06 (Anxiety and obsessive-

---

[4] *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013), sets forth the five-step review process as follows: "The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in 'substantial gainful activity' and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id*. § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id*. If the process continues beyond the third step, the fourth and fifth steps consider the claimant's 'residual functional capacity' in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id*. § 416.920(a)(4)(iv)-(v)."

**MEMORANDUM DECISION AND ORDER - 4**

compulsive disorders); and 12.15 (Trauma- and stressor-related disorders). (AR 88 - 90.) In making this finding, the ALJ explained he considered whether the "paragraph B" criteria were satisfied. The paragraph B criteria consist of the following four areas of mental functioning:

- Understanding, remembering or applying information
- Interacting with others
- Concentrating, persisting or maintaining pace
- Adapting or managing oneself

(AR 88 – 98.) In each of the four areas of functioning, the ALJ assessed "moderate limitations." *Id.*

At step four, the ALJ concluded Plaintiff retained the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except for the following limitations:

> [H]e can only occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; he can only occasionally stoop, kneel, crouch, and crawl; and he must avoid all exposure to unguarded moving mechanical parts and unprotected heights. The claimant is limited to work consisting of only simple, routine tasks. The claimant is limited to work involving no more than occasional changes in the work setting. He is limited to no more than occasional interaction with the public, coworkers, and supervisors. Finally, the claimant is able to tolerate only occasional independent goal setting.

(AR 90.) Relying upon testimony from the vocational expert, the ALJ found that Plaintiff had no past relevant work, but he would be able to make a successful adjustment to other work existing in significant numbers in the national economy. (AR 93.)

**REPORT AND RECOMMENDATION - 5**

At step five, the ALJ found Plaintiff retained the RFC to perform the requirements of representative occupations such as assembler, power screwdriver operator, or mail clerk, all of which are unskilled positions at the light exertional level. (AR 94.) The ALJ therefore determined Plaintiff was not under a disability since August 14, 2020. (AR 94.)

### B.     Analysis

Plaintiff argues that the ALJ's RFC finding that Plaintiff "is limited to work consisting of only simple, routine tasks" is unexplained, and also does not account for the ALJ's conclusion at step three that Plaintiff had moderate limitations in concentration, persistence or pace. Accordingly, Plaintiff asserts the hypothetical question posed by the ALJ to the vocational expert did not include all of the Plaintiff's limitations, resulting in an erroneous RFC. (Dkt. 16.)

Defendant disagrees, contending that the ALJ adequately discussed the evidence and that the limitation to work consisting of simple, routine tasks incorporated the ALJ's findings regarding moderate limitations in concentration, persistence, or pace. (Dkt. 17 at 4.) Defendant argues the hypothetical question posed to the vocational expert included all of Plaintiff's limitations, and that, in turn, the RFC was supported by substantial evidence and free from error. (Dkt. 17 at 5.)

A claimant's RFC is an assessment of a person's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis—in other words, what a person can still do despite his limitations. *See* SSR 96–8P. In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the

**MEMORANDUM DECISION AND ORDER - 6**

case record, including information about the individual's symptoms and any "medical source statements" submitted by a person's treating source or other acceptable medical sources. *See id*.

The ALJ must include all restrictions in the hypothetical question posed to the vocational expert and in the RFC based on all the relevant evidence in the case record. 20 C.F.R. §§ 404.1545, 416.945; *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989); *Lubin v. Comm'r of Soc. Sec.*, 507 F.app'x 709, 712 (9th Cir. 2013). Where the medical testimony does not establish any specific restrictions based on a claimant's difficulty with concentration, persistence, or pace, the ALJ does not err in adopting the physician's limitation to simple tasks. *See Stubbs–Danielson*, 539 F.3d at 1173 (9th Cir. 2008) (physician identified claimant as having "slow pace, both in thinking & actions," but found she was still able to "carry–out simple tasks").

In *Stubbs-Danielson* (relied upon by Defendant), the claimant's physician identified her as having "slow pace, both in thinking [and] actions," but nonetheless opined that claimant was still able to "carry-out simple tasks." *Stubbs-Danielson*, 539 F.3d at 1173. In turn, the ALJ "translated" the physician's conclusions regarding the claimant's pace and mental limitations into her RFC by limiting her to "simple tasks." *Id*. at 1174. In affirming the district court's denial of the claimant's application for disability benefits, the Ninth Circuit emphasized that, in "translating" the physician's conclusions, the ALJ relied on "the only concrete restriction" available to him: the limitation to "simple tasks." *Id*. The court held that the ALJ's assessment as to the claimant's

**REPORT AND RECOMMENDATION - 7**

concentration, persistence, and pace was adequately incorporated into her RFC because the "assessment [was] consistent with restrictions identified in the medical testimony." *Id*. (citing *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (where state psychologist both identified claimant as having deficiencies of concentration, persistence or pace and pronounced claimant possessed ability to "sustain sufficient concentration and attention to perform at least simple, repetitive, and routine cognitive activity without severe restriction of function," the ALJ's hypothetical including ability to perform "simple, routine, repetitive tasks" adequately captured claimant's deficiencies in concentration persistence or pace); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (where the ALJ's hypothetical incorporated concrete restrictions identified by examining psychiatrist regarding quotas, complexity, and stress, the ALJ did not err in failing to include that claimant suffered from deficiencies in concentration, persistence, or pace)). *But see Woodward v. Colvin*, No. ED CV 15-247-PLA, 2015 WL 8023227, at *7 (C.D. Cal. Dec. 4, 2015) (ALJ failed to provide an explanation as to how a restriction to simple and repetitive unskilled work accounted for a mild to moderate limitation in concentration, persistence, or pace when this finding was not consistent with medical testimony).

     At the November 12, 2021 hearing in this matter, the ALJ's hypothetical assumed that Plaintiff was limited to work that consisted of "only simple and routine tasks," involved "no more than occasional changes in the work setting," involved "no more than occasional interaction with the public, coworkers, and supervisors," and required "no

**MEMORANDUM DECISION AND ORDER - 8**

more than occasional independent goal settings." (AR 121.)[5] The vocational expert identified three jobs at the light exertional level existing in the competitive national economy that a person with such limitations could perform – assembler, power screwdriver operator, and mail clerk. (AR 121.) The ALJ did not specifically ask the vocational expert whether a moderate limitation in one's ability to concentrate, persist, or maintain pace would influence a person's ability to work.

In the written decision, however, the ALJ discussed the evidence supporting his conclusion at step three that Plaintiff had no more than a moderate limitation with regard to concentrating, persisting or maintaining pace. (AR 89.) The ALJ noted the record failed to reflect an inability to sustain concentration and attention. (AR 89.) He nonetheless concluded that Plaintiff suffered a moderate limitation in his ability to concentrate, persist or maintain pace. (AR 89.)

At step four, the ALJ considered the medical evidence of record regarding Plaintiff's mental health condition. The ALJ explained that, while there were instances where medical providers observed abnormal mood and impaired concentration, there were numerous other instances where Plaintiff was observed to have normal mood and affect, above average intelligence, normal attention and concentration, and intact

---

[5] The ALJ asked the vocational expert to assume postural limitations as well, but Plaintiff has not challenged these limitations. (AR 121.)

**REPORT AND RECOMMENDATION - 9**

memory. (AR 91.)[6] The ALJ also noted that Plaintiff managed his mental health conservatively with medication management and psychotherapy. (AR 91.) The ALJ concluded that Plaintiff's subjective complaints were "not entirely consistent with the mostly normal mental status examinations and the conservative treatment history." (AR 92.)[7]

The ALJ also considered the opinions of the state agency medical consultants. On initial review, state agency psychologist Michael Dennis, Ph.D., assessed moderate limitations in concentration, persistence or pace. (AR 134.) Dr. Dennis summarized his review of the medical record evidence, explaining that Plaintiff's treating sources indicated he was capable of understanding, and that he was responsible enough to understand consequences and make decisions regarding his life. (AR 133.) Accordingly, Dr. Dennis concluded it would "be reasonable to assess that the claimant would be limited to very simple, repetitive work which requires only minimal interaction with others." (AR 133.) Dr. Dennis also explained that Plaintiff would be able to carry out short and simple instructions but would be moderately limited in maintaining attention and concentration, performing within a schedule, sustaining an ordinary routine, and working in proximity to others. (AR 141.) According to Dr. Dennis, these restrictions would limit Plaintiff to "very simple, repetitive work tasks." (AR 142.)

---

[6] The Court independently reviewed the record and finds that the record citations relied upon by the ALJ reflect that Plaintiff exhibited normal mood and affect, good insight, full cognitive capacity, normal attention, and intact concentration. (AR 664, 748, 757, 771, 777-78, 800, 802, 804, 806, 883, 888, 814, 902.)

[7] Plaintiff did not challenge the ALJ's evaluation of his subjective symptom testimony.

**MEMORANDUM DECISION AND ORDER - 10**

On reconsideration, state agency psychologist Mack Stephenson, Ph.D., similarly concluded Plaintiff had moderate limitations in concentration, persistence or pace. (AR at 158.) Dr. Stephenson was of the opinion, however, that Plaintiff retained the ability to "understand, remember, and carry out simple instructions in a routine work environment." (AR 165.)[8]

The ALJ found the prior administrative medical findings by the state agency medical consultants both persuasive and consistent with the medical and other evidence in the record. (AR 93.) The ALJ concluded that the state agency medical consultants supported their findings with reasonable explanations and specific references to the medical and other evidence. (AR 92.) The ALJ explained that the mostly normal mental status examinations, peppered with observations of abnormal mood and affect and impaired concentration, were consistent with the state agency medical consultants' findings. (AR 93.) The ALJ also concluded that Plaintiff's conservative treatment history, as well as his daily activities, were consistent with the state agency medical consultants' findings. (AR 93.)[9]

---

[8] Plaintiff's argument that the ALJ omitted any discussion of the "Psychiatric Review Technique findings within the explanation of the RFC" does not constitute an additional argument on appeal. Pl.'s Brief at 12. (Dkt. 16.) The Psychiatric Review Technic Forms, completed by Drs. Dennis and Stephenson, set forth the physicians' conclusions that, with regard to the paragraph B criteria of Listings 12.06 and 12.15, Plaintiff had moderate limitations with respect to his ability to concentrate, persist, or maintain pace. (AR 134, 157.) The ALJ relied upon this evidence at step three. Nonetheless, both physicians expressed their opinions that Plaintiff retained the ability to perform simple, repetitive work tasks. The ALJ discussed these two opinions, and the evidence supporting them, at step four.

[9] Plaintiff did not challenge the ALJ's evaluation of the medical opinion evidence.

**REPORT AND RECOMMENDATION - 11**

Based on this record, the Court finds that the ALJ's hypothetical concerning someone who could perform simple, routine tasks adequately captured Plaintiff's deficiencies in concentration, persistence or pace. *Stubbs-Danielson*, 539 F.3d at 1174; *Howard*, 255 F.3d at 582. The ALJ discussed and relied upon the medical evidence and physician opinion evidence in the record to establish Plaintiff was capable of simple, routine tasks despite his moderate limitations in concentration, persistence or pace. Accordingly, the Court finds that the ALJ's conclusion at step five of the sequential process, which was informed by the vocational expert's testimony, was supported by substantial evidence. The Court therefore will recommend that the Commissioner's decision be affirmed.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED that:**

1) The decision of the Commissioner of Social Security be **AFFIRMED**; and

2) Judgment be entered consistent with the above in favor of Defendant.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: April 17, 2023

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 12**

**REPORT AND RECOMMENDATION - 13**