UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLTON T. P., | |
| Plaintiff, | Case No. 4:22-cv-00254-AKB-CWD |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendant. | |

## INTRODUCTION

Plaintiff Colton T. P. seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's application for supplemental social security income under Title XVI of the Social Security Act.  Plaintiff filed a petition for review of the Commissioner's final decision.  (Dkt. 1).  The district court referred the case to the Magistrate Court, which issued a Report and Recommendation recommending the Commissioner's decision be affirmed.  (Dkt. 19).  Plaintiff timely objected to the Report and Recommendation.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1), the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  Where the parties object to a report and recommendation, the court "shall make a de novo determination of those portions

**ORDER ADOPTING REPORT AND RECOMMENDATION - 1**

of the report to which objection is made." *Id.* When no objections are filed, however, the court need not conduct a de novo review. To the extent no objections are made, any arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (providing objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)). In this case, Petitioner objected to the Report and Recommendation, and this Court has conducted a de novo review of those portions of the Report and Recommendation and the record in this case.

## DISCUSSION

The case's background is correctly stated in the **Report and Recommendation**. (Dkt. 19). On August 14, 2020, Plaintiff protectively filed an application for supplemental social security income, claiming a disability beginning May 30, 2018. Plaintiff's application was denied both initially and on reconsideration. Plaintiff challenged the denial before an administrative law judge, and on November 12, 2021, ALJ Stephen Marchioro held a telephonic hearing. At that hearing, Plaintiff amended the alleged disability onset date to August 14, 2020.

After considering the testimony of Plaintiff and a vocation expert and the entire record, the ALJ issued a written decision on January 12, 2022. (Dkt. 15-2 at pp. 85-95). The ALJ concluded that Plaintiff's impairments were severe but that they neither singularly nor in combination meet or are medically equal the criteria for any qualifying impairments. (Dkt. 15-2 at pp. 87-90). In reaching this conclusion, the ALJ found that "with regard to concentrating, persisting or

**ORDER ADOPTING REPORT AND RECOMMENDATION - 2**

maintaining pace, [Plaintiff] has no more than a moderate limitation."  (Dkt. 15-2 at p. 89).
Further, the ALJ found that Plaintiff "has the residual functional capacity [RFC] to perform light
work" and that Plaintiff "is limited to work consisting of only simple, routine tasks." (Dkt. 15-2
at p. 90).  Finally, the ALJ found that Plaintiff had not been under a disability since the alleged
amended onset date through the date of the decision and that Plaintiff was not disabled.

Plaintiff requested the Appeals Council to review the denial, and on April 20, 2022, the
Appeals Council denied his request.   On June 20, Plaintiff filed a petition for review of the
Commissioner's final decision.   On April 17, 2023, the Magistrate Court issued the Report and
Recommendation, recommending the Commissioner's decision be affirmed. (Dkt. 19).  On April
28, Plaintiff timely filed an objection to the Report and Recommendation.[1]  (Dkt. 20).  *See* 28
U.S.C. § 636(b)(1) (providing fourteen days after service of Report and Recommendation to
object).

Plaintiff argues substantial evidence does not support the ALJ's RFC determination
because the ALJ failed to explain "how he arrived at the mental RFC conclusion given his finding
of moderate limitations." (Dkt. 20 at p. 1).  This Court disagrees that substantial evidence does
not support the RFC determination.  As the Magistrate Judge notes, the ALJ discussed the evidence
supporting his conclusion at step three of the five-step sequential evaluation process that Plaintiff
had no more than a moderate limitation regarding concentration, persistence, and pace.  (Dkt. 15-
2 at p. 89)  *See* 20 C.F.R. § 416.920 (setting forth process).  As accurately described in the Report

---

[1]      Thereafter, on June 5, 2023, this case was reassigned to the undersigned.  (Dkt. 21).

**ORDER ADOPTING REPORT AND RECOMMENDATION - 3**

and Recommendation, the ALJ discussed and relied on the medical evidence and physician opinions in the record to establish Plaintiff was capable of simple, routine tasks despite his moderate limitations in concentration, persistence, or pace.  Further, this Court disagrees with Plaintiff's assertion that the magistrate court erred by relying on *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (2008), to conclude that "where the medical testimony does not establish any specific restrictions based on a claimant's difficulty with concentration, persistence, or pace, the ALJ does not err in adopting the physician's limitation to simple tasks."  (Dkt. 19 at p. 7).

## ORDER

**IT IS ORDERED**:

1. The **Report and Recommendation** entered on April 17, 2023 (Dkt. 19), is **INCORPORATED** and **ADOPTED** in its entirety;

2. The decision of the Commissioner of the Social Security is **AFFIRMED**;

3. The Petition for Judicial Review (Dkt. 1) is **DENIED**, and this action is **DISMISSED** with prejudice; and

4. The Court will enter a separate judgment in favor of Defendant in accordance with Federal Rule of Civil Procedure 58.

DATED: September 11, 2023

Amanda K. Brailsford
U.S. District Court Judge

**ORDER ADOPTING REPORT AND RECOMMENDATION - 4**